UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO PRIMERO GARCIA,<br>Petitioner,<br>v.<br>WILLIAM P. BARR, et al.,<br>Respondents. | Case No. 20-cv-01389-NC<br><br>**ORDER GRANTING IN PART PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 8 |

Petitioner Narciso Primero Garcia seeks a temporary restraining order against respondents William P. Barr, Chad Wolf, Matthew Albence, and David W. Jennings in their official capacities as United States officials. *See* Dkt. No. 8. Primero Garcia requests that the Court order Respondents to stay his removal while he pursues immigration relief and to order him released from custody. *See* Dkt. No. 8-1. The Court finds that Primero Garcia is entitled to a stay of removal while he pursues immigration relief but has not shown that he must be released from custody at this time. Accordingly, the Court GRANTS IN PART Primero Garcia's motion for a temporary restraining order.

**I. Background**

Primero Garcia is a 21-year-old citizen of Guatemala who came to the United States as an unaccompanied minor when he was 13 years-old. *See* Dkt. No. 1 ("Petition") ¶¶ 20, 22. On November 7, 2018, the Marin County Probate Court appointed Primero Garcia's

uncle as his legal guardian, finding that his parents had abandoned, abused, and neglected him and that it was not in his best interests to return to Guatemala. *Id.* ¶ 27. On the basis of that order, Primero Garcia applied for Special Immigrant Juvenile ("SIJ") status to obtain immigration relief. *Id.*

Before Primero Garcia submitted his petition, this Court preliminarily enjoined the United States Citizenship and Immigration Services ("USCIS"), the Department of Homeland Security ("DHS"), and officials in charge of those departments from removing individuals with a pending SIJ petition in a related lawsuit, *J.L. v. Cissna*, Case No. 5:18-cv-04914-NC, (N.D. Cal.). *See J.L. v. Cissna*, 341 F. Supp. 3d 1048 (N.D. Cal. 2018). The Court also certified a class of young immigrants with SIJ petitions based on a California court order. *See J.L.*, No. 5:18-cv-04914-NC, Dkt. No. 112.

Notwithstanding that injunction, Respondents removed Primero Garcia to Guatemala on June 13, 2019. Petition ¶ 31. In Guatemala, Primero Garcia was attacked twice over the next six months by gang members. *Id.* ¶¶ 34–35.

During this time, *J.L.* settled (*see J.L.*, No. 5:18-cv-04914-NC, Dkt. No. 228) and *J.L.* class counsel discovered that Primero Garcia was a *J.L.* class member (*see id.*, Dkt. No. 223). The Court held the *J.L.* defendants in civil contempt for violating the preliminary injunction and ordered Primero Garcia's return to the United States. *Id.*, Dkt. Nos. 249, 252.

ICE returned Primero Garcia to the United States on February 12, 2020, and placed him in ICE custody. Petition ¶ 37. Shortly after, USCIS adjudicated Primero Garcia's SIJ petition and granted him SIJ status in accordance with the *J.L.* settlement agreement. *Id.*; *see also J.L.*, No. 5:18-cv-04914-NC, Dkt. No. 211-2, Ex. A § V. On February 24, 2020, Primero Garcia moved to reopen his removal proceedings on various grounds to seek immigration relief, including his recently granted SIJ status. *See* Petition ¶ 38; *see also* Dkt. No. 1-2 ("Beier Decl."), Ex. PP. Primero Garcia's motion to reopen is still pending (*see* Petition ¶ 41), but the IJ presiding over his removal proceedings stayed removal pending adjudication of that motion (*see* Dkt. No. 15-1). District Court Judge Vince

Chhabria also ordered ICE to "not deport the petitioner" pending further Court order. *See* Dkt. No. 9.

Because ICE apparently indicated that it still intends to remove Primero Garcia from the United States (*see* Beier Decl., Ex. V), he now seeks a temporary restraining order enjoining Respondents from removing him while he pursues immigration relief. *See* Dkt. No. 8-1. Primero Garcia also requests that the Court order his release from ICE custody or, in the alternative, grant him a bond hearing before an IJ. *Id.*

The Court held a hearing on Primero Garcia's motion on March 5, 2020. *See* Dkt. No. 27. All parties have consented to the jurisdiction of magistrate judge. *See* Dkt. Nos. 20, 22.

## II. Discussion

### A. Whether the Motion for Temporary Restraining Order is Moot

The jurisdiction of federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). Thus, a case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Put differently, "a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)).

Respondents argue that Primero Garcia's motion for a temporary restraining order is moot because the IJ presiding over his removal proceedings already stayed removal pending adjudication of his motion to reopen. *See* Dkt. No. 8-1. The appropriate time to seek injunctive relief, Respondents argue, is after the IJ resolves Primero Garcia's motion to reopen and lifts the stay.

However, as Magistrate Judge Laurel Beeler explained in *Sied v. Nielsen*, No. 17-cv-06785-LB, 2018 WL 1142202, at *7–9 (N.D. Cal. 2018), there are limited procedural protections available to Primero Garcia during the administrative process pending his

3

motion to reopen. Of relevance here, if Primero Garcia's motion to reopen is denied, he may be removed by ICE before he has a chance to request a further stay by the BIA. *Id.* at *9. As aptly demonstrated by the record in this case (*see* Petition ¶¶ 34–35), removal before an alien exhausts the administrative procedures available to him may expose him to unnecessary and significant harm. *See Sied*, 2018 WL 1142202, at *9 ("if the government then deports the alien to a country where he may be subject to persecution or torture, the alien may never have the opportunity to be heard on his underlying motion to reopen . . .").

At the hearing, Respondents argued that ICE normally provides a grace period between administrative decisions that may allow Primero Garcia to obtain further stays. The Court is not persuaded. ICE has already indicated a willingness to remove Primero Garcia and he is not required to rely on ICE's good graces to obtain relief.

Moreover, Primero Garcia seeks more than just a stay. He also requests release from custody or, in the alternative, a bond hearing. *See* Dkt. No. 8-1. The stay issued by the IJ presiding over Primero Garcia's removal proceedings does not resolve that issue. Accordingly, the Court finds that Primero Garcia's motion is not moot.

### B. Whether the Court Has Jurisdiction

Congress has limited judicial review of removal orders. *See* 8 U.S.C. § 1252. Relevant here, §§ 1252(a)(5) and (b)(9) prohibits district courts from reviewing removal orders and makes "a petition for review filed with an appropriate court of appeals . . . the sole and exclusive means for judicial review of an order of removal." Likewise, § 1252(g) prohibits all judicial review for "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien . . . ."

District courts in the Ninth Circuit disagree as to whether they have jurisdiction over a motion to stay removal pending resolution of a motion to reopen. *See Diaz-Amezcua v. Barr*, 402 F. Supp. 3d 963, 971 & n.4 (collecting cases). Most district courts have concluded that § 1252 strips them of jurisdiction. *Id.* Courts of appeals that have considered the issue are also split. *Compare Hamama v. Adducci*, 912 F.3d 869, 874 (6th

4

Cir. 2018) ("[T]he Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review."); *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) ("[A] district court lacks jurisdiction to compel the Attorney General to initiate or resolve proceedings that would lead to relief from removal."); *with E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, ___ F.3d ____, 2020 WL 728629 (3d Cir. Feb. 13, 2020) (finding that "now-or-never claims" do not arise from removal actions).

Although the question is close, the Court is persuaded that it has jurisdiction under the unique facts of this case. First, Primero Garcia's request for a stay does not challenge a removal order. Indeed, the immigration court's June 13, 2019, removal order has already been executed. The Court need not consider whether Primero Garcia is removable or if he is eligible for adjustment of status in light of his recently granted SIJ petition to decide whether he is entitled to a stay pending adjudication of his motion to reopen.

Second, the Ninth Circuit has "distinguished between challenges to orders of removal and challenges that arise independently" when considering the applicability of § 1252. *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). This case is closer to the latter category than the former. Primero Garcia's motion to stay his removal pending adjudication of his motion to reopen arose from USCIS's grant of SIJ status pursuant to the *J.L.* settlement. Moreover, permitting ICE to re-remove Primero Garcia before he has an opportunity to fully litigate his motion to reopen would render this Court's civil contempt sanctions an empty gesture. Thus, the Court concludes that it has jurisdiction.

**C. Whether the Court should Issue a Temporary Restraining Order**

The legal standard for a temporary restraining order mirrors that of a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### 1. Likelihood of Success

As a threshold issue, a significant portion of Respondents' argument focuses on whether Primero Garcia is likely to succeed on his underlying motion to reopen. *See* Dkt. No. 7–12. Primero Garcia's motion to reopen, however, is not before the Court. Rather, Primero Garcia's underlying habeas petition focuses on whether he has a statutory right to fully litigate his motion to reopen and whether removal while that process is pending would violate the Administrative Procedure Act ("APA") or due process.

The Court finds that Primero Garcia is likely to succeed on the merits. First, an immigrant granted SIJ status is likely required to remain in the United States to maintain that status. *See* 8 U.S.C. § 1101(a)(27)(J) (defining SIJ as "an immigrant *present* in the United States . . . .") (emphasis added). As the Ninth Circuit recognized, individuals with SIJ status "gain special benefits set by Congress" including "the permission to remain in the country pending the outcome of their adjustment of status application." *Garcia v. Holder*, 659 F.3d 1261, 1271 (9th Cir. 2011); *see also Osorio-Martinez v. Attorney General United States*, 893 F.3d 153, 163–64 (3d Cir. 2018) (noting that SIJ status cannot be revoked except "on notice"). Removing Primero Garcia before he has an opportunity to fully litigate his motion to reopen would vitiate those benefits.

Second, Respondents' contention that Primero Garcia could continue to litigate his motion to reopen after removal is unpersuasive. Although Respondents are correct in the abstract, the facts of this case show that their position is untenable. As the Court recounted above, Primero Garcia was attacked twice during the six-months he was in Guatemala. There is a real risk that immediate removal would moot Primero Garcia's motion. *See Sied*, 2018 WL 1142202, at *9 ("if the government then deports the alien to a country where he may be subject to persecution or torture, the alien may never have the opportunity to be heard on his underlying motion to reopen . . .").

### 2. Irreparable Harm

Primero Garcia has shown a strong likelihood that he will suffer irreparable harm in the absence of preliminary relief. He was attacked twice when previously removed to

6

1    Guatemala and the Court is persuaded that such attacks suggest a strong likelihood of
2    future harm absent relief.

Respondents contend that there is no likelihood of harm because the IJ has already granted a stay. But, as the Court explained above, if Primero Garcia's motion to reopen is denied, he may be removed by ICE before he has a chance to request a further stay. And given ICE's zeal in *J.L.*, the Court is not convinced that the ordinary administrative process would give Primero Garcia sufficient time to obtain a further stay.

### 3. Balance of Equities and Public Interest[1]

The balance of equities and public interest also weigh in Primero Garcia's favor. While the Court does not doubt that preliminary relief would increase the administrative burden on Respondents, the potential harm to Primero Garcia far outweighs that burden. Moreover, Primero Garcia should not have been removed from the United States in the first place. It is ICE's failure to comply with this Court's preliminary injunction that kicked off these proceedings.

Accordingly, the Court GRANTS Primero Garcia's motion for a temporary restraining order and enjoins Respondents from removing him while he pursues immigration relief.

### D. Release from Detention

Primero Garcia requests that the Court order his removal from ICE custody or, in the alternative, order that an IJ hold a custody redetermination hearing. Primero Garcia, however, has not shown that he is entitled to immediate release. Although indefinite or prolonged detention may be unconstitutional, Primero Garcia has not been detained for an indefinite (*see, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678 (2001) (indefinite detention unconstitutional)) or a prolonged period of time (*Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) (detention becomes "prolonged" at six months), *overruled by Jennings v. Rodriguez*, 136 S. Ct. 2489 (2016)).

---

[1] The balance of hardships and public interest factor merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

7

Accordingly, the Court will not order Primero Garcia's immediate release. However, if Respondents intend to detain Primero Garcia for a prolonged period of time, it must hold a bond or custody redetermination hearing.

## III. Conclusion

The Court GRANTS IN PART Primero Garcia's motion temporary restraining order.

It is hereby ORDERED that Attorney General William P. Barr, Secretary Chad Wolf, Field Office Director David Jennings, and Acting Director Matthew Albence, their officers, agents, employees, representatives, and all persons acting in concert or participating with them are ENJOINED AND RESTRAINED from removing Primero Garcia. This injunction and order will terminate in connection with the following events:

1. A final non-appealable decision vacating Primero Garcia's June 13, 2019, removal order;
2. Primero Garcia's failure to (1) timely appeal to the BIA a final adverse ruling from an IJ on his motion to reopen and (2) file a simultaneous motion to stay removal with the BIA;
3. Primero Garcia's failure to (1) timely petition for review before the appropriate United States Court of Appeals a final adverse ruling from the BIA on his motion to reopen and (2) file a simultaneous motion to stay removal with the Court of Appeals; or
4. A decision on a motion to stay removal by the Court of Appeals.

Respondents are also ORDERED to release or provide Primero Garcia with a bond or custody redetermination hearing before an IJ within 60 days. At the hearing, Respondents must justify Primero Garcia's continued detention by clear and convincing evidence.

**IT IS SO ORDERED.**

Dated: March 9, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge