1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10

11   NARCISO PRIMERO GARCIA,                    Case No. 20-cv-01389-NC

                 Petitioner,
12                                              **ORDER GRANTING
                                                PETITIONER'S MOTION FOR
         v.                                     ATTORNEYS' FEES**
13
                                                Re: Dkt. No. 36
14   WILLIAM P. BARR, et al.,

                 Respondents.
15

16

17       Petitioner Narciso Primero Garcia moves for attorneys' fees under the Equal Access

18   to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Respondents William P. Barr, Chad Wolf,

19   Matthew Albence, and David W. Jennings contend that Primero Garcia is not entitled to

20   attorneys' fees under the EAJA because he is not a prevailing party, its position in the

21   underlying litigation was substantially justified, and the requested fees are unreasonable.

22   The Court disagrees with Respondents and GRANTS Primero Garcia's motion for

23   attorneys' fees.  The Court, however, reduces the fees award because counsels' billing

24   records reveals confusingly vague time entries and time not compensable at an enhanced

25   billing rate.

26   **I.    Background**

27       Primero Garcia is a Guatemalan citizen who came to the United States as an

28   unaccompanied minor when he was 13 years old.  *See* Dkt. No. 1 ¶¶ 20, 22.  In 2018,

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    Primero Garcia applied for Special Immigrant Juvenile ("SIJ") status to obtain

2    immigration relief.  *Id.* ¶ 27.

3    　　　Before Primero Garcia submitted his petition, however, the Court preliminarily

4    enjoined the United States Citizenship and Immigration Services ("USCIS"), the

5    Department of Homeland Security ("DHS"), and officials in charge of those departments

6    from removing individuals with a pending SIJ petition in a related lawsuit, *J.L. v. Cissna*,

7    Case No. 5:18-cv-04914-NC, (N.D. Cal.).  *See J.L. v. Cissna*, 341 F. Supp. 3d 1048 (N.D.

8    Cal. 2018).  Respondents, however, removed Primero Garica to Guatemala on June 13,

9    2019, where he was attacked twice over the next six months by gang members.  *See* Dkt.

10   No. 1 ¶¶ 34–35.

11   　　　After *J.L.* settled, the parties discovered that Primero Garcia had been removed in

12   violation of the preliminary injunction.  *See J.L.*, No. 5:18-cv-04914-NC, Dkt. Nos. 228,

13   223.  The Court held the *J.L.* defendants, including the Respondents in this case, in civil

14   contempt and ordered Primero Garcia's return to the United States.  *Id.*, Dkt. Nos. 249,

15   252.

16   　　　Upon his return, USCIS granted Primero Garcia SIJ status and he sought to reopen

17   his immigration proceedings accordingly.  *See* Dkt. No. 1 ¶¶ 37–38.  Because ICE

18   indicated that it nevertheless still intended to remove him from the United States, Primero

19   Garcia sought a temporary restraining order from this Court enjoining his removal,

20   ordering his release from ICE custody, or, in the alternative, granting him a bond hearing.

21   *See* Dkt. No. 8.

22   　　　The Court granted in part and denied in part Primero Garcia's motion.  *See* Dkt. No.

23   31.  The Court denied Primero Garcia's request for immediate release, but temporarily

24   enjoined Respondents from removing Primero Garcia and ordered Respondents to provide

25   him with a bond hearing within 60 days of the order.  *See id.*

26   　　　Primero Garcia now seeks attorneys' fees under the EAJA in the amount of

27   $76,524.89.  *See* Dkt. No. 36.

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   Legal Standard

The EAJA requires a court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *see also Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048, 1054 (9th Cir. 2016).  The EAJA sets a net worth limit of $2,000,000 on prevailing parties who seek fees under the EAJA.  28 U.S.C. § 2412(d)(2)(B)(i).  And, subject to various exceptions, awards under the EAJA may not exceed rates of $125 per hour.  28 U.S.C. § 2412(d)(2)(A).  Finally, even when a party is entitled to fees under the EAJA, the court must still determine the reasonableness of the requested fee.  *See Ibrahim*, 835 F.3d at 1060.

## III.   Discussion

Respondents argue that Primero Garcia's requested fees should be denied on four grounds: (1) Primero Garcia is not a prevailing party; (2) its position was substantially justified; (3) Primero Garcia is not warranted to enhanced rates; and (4) the requested fees are unreasonable.  The Court discusses each argument in turn.

### A.   Prevailing Party

A plaintiff must meet two criteria to qualify as a prevailing party.  "First, he must achieve a 'material alteration of the legal relationship of the parties.'"  *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).  "Second, that alteration must be 'judicially sanctioned.'"  *Id.*

Respondents argue that Primero Garcia does not qualify as a prevailing party because the Court's temporary restraining order did not materially alter the legal relationship between the parties.  Respondents point out that, before the Court entered its restraining order, the immigration judge overseeing Primero Garcia's case stayed his removal pending consideration of his motion to reopen.  Thus, according to Respondents, the Court's restraining order merely maintained the status quo between the parties.  *See*

3

1    Dkt. No. 37.

2         The Court, however, previously rejected a similar argument when it adjudicated

3    Primero Garcia's motion for a temporary restraining order.  *See* Dkt. No. 31 at 3–4.  As the

4    Court previously noted, "there are limited procedural protections available to Primero

5    Garcia during the administrative process pending his motion to reopen."  *Id.* (citing *Sied v.*

6    *Nielsen*, No. 17-cv-06785-LB, 2018 WL 1142202, at \*7–9 (N.D. Cal. 2018)).  And, most

7    crucially, the immigration judge's grant of a stay would terminate after he adjudicated the

8    motion to reopen.  Given that ICE had indicated an eagerness to re-remove Primero Garcia

9    after violating previous Court orders, the Court found it necessary to enjoin Respondents

10   from removing Primero Garcia until he had exhausted his avenues for relief.  *See id.* at 8.

11   Put differently, the Court expanded the length of the stay imposed by the immigration

12   judge.

13        Likewise, although the Court denied Primero Garcia's request for immediate

14   release, Primero Garcia obtained a partial victory in the form of a court-ordered bond

15   hearing within 60 days of the order.  The fact that the Ninth Circuit later imposed a 180-

16   day trigger for bond hearings in *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020)

17   does not alter Primero Garcia's prevailing party status.  At the time the Court issued its

18   order—March 9, 2020—the Ninth Circuit had yet to decide *Aleman Gonzalez*.  A plaintiff

19   is a prevailing party eligible for a fee award even when "[he] wins a preliminary injunction

20   and the case is rendered moot before final judgment, either by the passage of time or other

21   circumstances beyond the parties' control."  *Higher Taste v. City of Tacoma*, 717 F.3d 712,

22   717 (9th Cir. 2013).

23        Accordingly, the Court finds that Primero Garcia is a prevailing party for purposes

24   of the EAJA.

25        **B.    Substantially Justified or Special Circumstances**

26        "The government's 'position' when considered within the EAJA context includes

27   both the government's litigation position as well as the 'action or failure to act by the

28   agency upon which the civil action is based.'"  *Ibrahim*, 835 F.3d at 1054 (quoting 28

United States District Court
Northern District of California

4

U.S.C. § 2412(d)(1)(B)).  Thus, the "substantial justification" test has "two lines of inquiry: one directed towards the government's original action, and the other towards the government's litigation position defending that action."  *Id.*  Those two lines, considered as a whole, must have "a reasonable basis in fact and law."  *Id.* (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1261 (9th Cir. 2001)).

Respondents persuasively note that Primero Garcia's petition raised novel and close questions of jurisdiction.  But, as the Court explained above, the "substantial justification" inquiry is not limited to Respondents' litigation position and instead also considers the reasonableness of their original action.  *See Ibrahim*, 835 F.3d at 1054.  And Respondents' original action—removing Primero Garcia from the United States in violation of the Court's preliminary injunction in *J.L.*—was assuredly not justified.  Respondents' lengthy discussion in their brief regarding Primero Garcia's detention by ICE upon his Court-ordered return and ICE authority to remove him pending the adjudication of his motion to reopen misses the point.  The "original action" giving birth to this case is not Primero Garcia's detention in February 2020, but his removal in 2018.  Respondents' contemptuous conduct in violating this Court's order undermines whatever justification it may otherwise have had.

Respondents' contention that the parties' settlement in *J.L.* precludes EAJA fees here is also not well taken.  The parties' settlement in *J.L.* resolved fees relating to work the parties "expended or will expend relating to the Joint Notice of Removals (ECF No. 223) and the Court's Order to Show Cause (ECF No. 224) regarding individuals N.P.G., E.A., and R.M.N. (see ECF No. 227), in connection with the October 24, 2018 Preliminary Injunction (ECF No. 49) . . . ."  Case No. 5:18-cv-04914-NC, Dkt. No 237-1, Ex. A ¶ 7.  The settlement clarifies that it only covers fees expended for work done in *J.L.  See id.* ¶¶ 8, 9.  Primero Garcia seeks fees for work conducted in this case, which do not address the Joint Notice of Removals (*J.L.*, Dkt. No. 223) or the Order to Show Cause (*J.L.*, Dkt. No. 224).

Accordingly, the Court finds that Respondents' position was not substantially

United States District Court
Northern District of California

1    justified and an award of fees would not be unjust.

2        **C.    Enhanced Rates**

3            The EAJA permits fee awards "based upon the prevailing market rates for the kind

4    and quality of the services furnished."  28 U.S.C. § 2412(d)(1)(D)(2)(A).  Rates, however,

5    are usually capped at $125 per hour, "unless the court determines that an increase in the

6    cost of living or a special factor, such as the limited availability of qualified attorneys for

7    the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(1)(D)(2)(A).  In the

8    Ninth Circuit, courts may authorize enhanced EAJA rates (*i.e.*, above inflation-adjusted

9    rates) where there was a "limited availability of qualified attorneys for the proceedings

10   involved" and the attorneys had "distinctive knowledge" and "specialized skill" that was

11   "needful to the litigation in question" and "not available elsewhere at the statutory rate."

12   *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (citations omitted).

13           Here, Primero Garcia requests enhanced rates for three of attorneys.  He seeks $600

14   per hour for attorney Bree Bernwanger, $590 per hour for attorney Mary Tanagho Ross,

15   and $625 per hour for attorney Sara Van Hofwegen.  Respondents do not oppose the

16   inflation- and cost-of-living-adjusted rates of $206.77 for Primero Garcia's remaining

17   attorneys.

18           Respondents argue that enhanced rates are not warranted because Primero Garcia

19   failed to establish that his attorneys had knowledge and skills needful to the litigation and

20   that his counsel's expertise was unavailable at the statutory rate.  The Court disagrees.

21           Although the *J.L.* lawsuit primarily concerned different subject areas, this case was

22   factually intertwined with *J.L.*  Bernwanger, Tanagho Ross, and Van Hofwegen's

23   participation in *J.L.* provided them with knowledge of the background and context leading

24   to Primero Garcia's initial removal that was critical in this case.  Moreover, Primero

25   Garcia does not only rely on his attorneys' participation in *J.L.* to justify enhanced rates;

26   he points to their extensive experience litigating immigration cases, as well.  Bernwanger,

27   for example, has experience representing detained asylum seekers in expedited removal

28   proceedings and litigating cases involving the jurisdiction-stripping statutes at issue in this

*United States District Court*
*Northern District of California*

6

1    case. *See* Dkt. No. 36-2 ("Bernwanger Decl.") ¶¶ 9, 14.  Primero Garcia's attorneys' prior

2    experiences in similar litigation also justify enhanced rates. *See Nat'l Res. Def. Council v.*

3    *Winter*, 543 F.3d 1152, 1160–61 (9th Cir. 2008).

4          Likewise, the Court is not convinced that Primero Garcia's attorneys' expertise was

5    available elsewhere at the statutory rate.  Primero Garcia submitted multiple declarations

6    from other attorneys attesting to Bernwanger, Tanagho Ross, and Van Hofwegen's

7    invaluable assistance in their respective cases. *See* Dkt. Nos. 36-7, 35-8.  Respondents

8    disagree with the statements in those declarations, but offer no evidence rebutting those

9    assertions.  Moreover, Primero Garcia's petition was especially time sensitive; he had as

10    little as eight days between his return to the United States and his re-removal.  Finding

11    other counsel with the requisite expertise and understanding of his procedural history in so

12    short a time is impractical.

13          Finally, Respondents contend that Primero Garcia fails to adequately support the

14    specific rates for Bernwanger, Tanagho Ross, and Van Hofwegen.  Primero Garcia,

15    however, provided an ample overview of market rates for attorneys of similar experience.

16    *See* Dkt. No. 36-3 ("Tanagho Ross Decl.") ¶ 12.

17          Accordingly, the Court finds that enhanced rates of $600, $590, and $625 are

18    justified for attorneys Bernwanger, Tanagho Ross, and Van Hofwegen, respectively.

19        **D.    Reasonableness of Fees**

20          Respondents first argue that Primero Garcia's counsel overstaffed this case.  They

21    contend that that this case was nothing more than a routine habeas petition on a short

22    timeline.  The Court is not persuaded.  As Respondents acknowledge, the jurisdictional

23    issues in this case presented close questions.

24          Likewise, the Court disagrees that Primero Garcia's counsel conducted duplicative

25    or excessive work.  Although counsel spent a significant number of hours drafting several

26    filings in this case, those filings were complex and necessarily lengthy.  Similarly, the

27    Court is not convinced that time spent by counsel addressing Judge Chhabria's order to

28    show cause why this case should not be related to *J.L.* constitutes an unsuccessful task,

United States District Court
Northern District of California

7

given that the briefing was ordered by the Court.

Next, Respondents contend that Primero Garcia's counsel's billing records reflect vague entries and clerical tasks. Respondents also argue that time spent preparing this fees motion do not warrant enhanced rates. The Court agrees that some entries are too vague for the Court to assess its reasonableness. In particular, counsel billed time for emailing or calling co-counsel. Some of those entries noted that the email or call was related to this case; other entries fail to do so. This discrepancy is confusing and leaves the Court wondering whether the latter entries reflect time spent wholly on this case. Likewise, the Court also agrees that time spent preparing the fees motion and conducting clerical tasks do not warrant enhanced rates. *See Lucas v. White*, 63 F. Supp. 2d 1046, 1063 (N.D. Cal. 1999).

The Court also agrees that time spent by counsel preparing their second, unfiled motion for a temporary restraining order for release from detention in late March is not compensable given that the Court had already denied such relief over two weeks prior.

Accordingly, reviewing counsel's records, the Court reduces fees for the following entries:

| Date | Timekeeper | Hours Reduced | Amount Reduced | Reason for Reduction |
|---|---|---|---|---|
| 2/10/2020 | Beier, Genna | 0.5 | 102.63 | Unreasonably vague entry |
| 2/18/2020 | Beier, Genna | 0.7 | 143.68 | Unreasonably vague entry |
| 2/16/2020 | Beier, Genna | 0.5 | 102.63 | Unreasonably vague entry |
| 3/27/2020 | Beier, Genna | 0.6 | 123.15 | Unfiled motion |
| 3/27/2020 | Bernwanger, Bree | 0.5 | 300.00 | Unfiled motion |
| 7/28/2020 | Bernwanger, Bree | 1.0 | 394.75 | Not entitled to enhanced rate |
| 7/29/2020 | Bernwanger, Bree | 2.5 | 986.87 | Not entitled to enhanced rate |
| 7/29/2020 | Bernwanger, Bree | 1.5 | 592.12 | Not entitled to enhanced rate |
| 7/29/2020 | Bernwanger, Bree | 1.7 | 671.07 | Not entitled to enhanced rate |
| 7/30/2020 | Bernwanger, Bree | 1.4 | 552.65 | Not entitled to enhanced rate |

<div style="writing-mode: vertical-rl">United States District Court
Northern District of California</div>

| 7/30/2020 | Bernwanger, Bree | 5.1 | 2,013.22 | Not entitled to enhanced rate |
|---|---|---|---|---|
| 2/10/2020 | Ross, Mary Tanagho | 0.5 | 295.00 | Unreasonably vague entry |
| 2/18/2020 | Ross, Mary Tanagho | 0.7 | 413.00 | Unreasonably vague entry |
| 2/19/2020 | Ross, Mary Tanagho | 0.5 | 295.00 | Unreasonably vague entry |
| 2/25/2020 | Ross, Mary Tanagho | 0.6 | 230.85 | Not entitled to enhanced rate |
| 3/27/2020 | Ross, Mary Tanagho | 0.6 | 354.00 | Unfiled motion |
| 4/21/2020 | Ross, Mary Tanagho | 0.2 | 118.00 | Unreasonably vague entry |
| 4/29/2020 | Ross, Mary Tanagho | 0.2 | 118.00 | Unreasonably vague entry |
| 5/1/2020 | Ross, Mary Tanagho | 1.5 | 577.12 | Not entitled to enhanced rate |
| 7/29/2020 | Ross, Mary Tanagho | 2.0 | 769.50 | Not entitled to enhanced rate |
| 2/11–2/18[1] | Vega, Hector | 1.0 | 205.30 | Unreasonably vague entry |
| 2/21/2020 | Vega, Hector | 0.6 | 123.18 | Unreasonably vague entry |
| 2/24/2020 | Vega, Hector | 0.2 | 41.06 | Unreasonably vague entry |
| 2/25–3/4 | Vega, Hector | 1.6 | 328.48 | Unreasonably vague entry |
| 3/5/2020 | Vega, Hector | 0.5 | 102.65 | Unreasonably vague entry |
| 3/9/2020 | Vega, Hector | 0.1 | 20.53 | Unreasonably vague entry |
| 3/26–4/1 | Vega, Hector | 0.5 | 102.65 | Unreasonably vague entry |
| 4/10–5/3 | Vega, Hector | 1.2 | 246.36 | Unreasonably vague entry |
| **Total Amount Reduced** | | | **$10,323.45** | |

## IV.  Conclusion

The Court GRANTS Primero Garcia's motion for attorneys' fees and awards EAJA fees in the amount of **$66,201.44**.

---

[1] The vast majority of time entries for Hector Vega are confusingly vague and the Court will not award fees for those entries. *See, e.g.*, Dkt. No. 36-1 at 6 (numerous entries for "Email to Mary/Bree").  For the sake of simplicity, the Court groups those entries together.

9

United States District Court
Northern District of California

1    **IT IS SO ORDERED.**

2

3    Dated:  September 8, 2020

NATHANAEL M. COUSINS
United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28